UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marijo Wunderlich,                                          Civil No. 05-2118 (JRT/FLN)

        Plaintiff,

        v.                                                                 **REPORT AND**
                                                                                  **RECOMMENDATION**
Midwest Debt Advisory Council, LLC., Jon P Germain,
Dane Ryan Henderson & Rebecca L. Henderson,

        Defendant.

_____

Karl A. Oliver for Plaintiff
Laura Gurney, for Defendants Dane and Rebecca Henderson
Edward Kautzer for Midwest Debt Advisory Council, LLC., and Jon P Germain

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 5, 2007, on Motion by defendants Dane and Rebecca Henderson for sanctions against plaintiff [#46]. In an effort to assist the parties to salvage a previous settlement agreement, the Court entered an order on December 6, 2006. The order, the content of which was agreed to by counsel for all parties, required the Plaintiff to take certain actions with respect to the property that is the subject of this lawsuit. The instant motion relates to the Plaintiff's alleged failure to comply with the December 6, 2006, order.

                                        **I.   FINDINGS OF FACT**

This action involves a parcel of real property located at 1925 Dupont Avenue South, Minneapolis, Minnesota, 55403 (hereinafter referred to as "the property"). (Compl. ¶ 16.) Plaintiff bought the property in January 1998. (Compl. ¶ 17.) Plaintiff experienced a decrease in income after acquiring the property and eventually became in arrears with her mortgage payments. (Compl. ¶¶ 18-22.) Foreclosure proceedings were initiated at some point and Plaintiff sought financial

advice from Defendants Midwest Debt Advisory Council, LLC., and Jon P Germain. (Compl. ¶¶ 23-31.) Midwest Debt Advisory Council, LLC., and Jon P Germain advised Plaintiff to refinance her mortgage and her other unsecured credit card debt by entering into a contract for deed with Defendants Dane and Rebecca Henderson. (Compl. ¶ 31.) At some point Plaintiff entered into a contract for deed with Defendants Dane and Rebecca Henderson to refinance her mortgage and unsecured credit card debt. (Compl. ¶ 31.) Defendants Dane and Rebecca Henderson cancelled the contract for deed in June 2005. (Compl. ¶ 39.) On September 13, 2005, Plaintiff filed the present suit against Defendants based on the contract for deed transaction. In her complaint, Plaintiff alleges, *inter alia*, violations of the Truth in Lending Act, the Home Owner Equity Protection Act and the Minnesota Prevention of Consumer Fraud Act. (Compl. ¶¶ 42-56.)

In January 2006 all of the involved parties in this suit entered into a settlement agreement. (Docket Number 12 at Ex. 1.) The settlement agreement required Plaintiff to place the property up for sale and to take all necessary and appropriate good faith measures to sell the property within a reasonable time. The settlement agreement also provided that Plaintiff make rental payments to the Hendersons commencing on March 5, 2006.

Plaintiff did not place the property up for sale until February 10, 2006, and made only one partial rental payment from March 5, 2006, through July, 2006. (Docket Number 11, ¶2.) On July 21, 2006, Defendants Dane and Rebecca Henderson made a motion to enforce the settlement agreement. (Docket Number 7.) Plaintiff did not oppose this motion, and on August 14, 2006, this Court granted Defendant Dane and Rebecca Henderson's motion to enforce the settlement agreement. (Docket Number 15.) The Court ordered Plaintiff to decrease the listing price of the property by $20,000.00, and awarded Defendants Dane and Rebecca Henderson their costs and fees associated with bringing the motion to enforce the settlement agreement. On August 24, 2006, this

Court ordered Plaintiff to pay Defendants Dane and Rebecca Henderson $2,950.00 in attorneys fees and costs associated with their motion to enforce the settlement agreement. (Docket Number 18.) Plaintiff's counsel was ordered to remit this payment to Defendants' counsel within ten business days. (Docket Number 18.)

On September 20, 2006, this Court issued an order which noted that the parties had reported that this case had settled but that a stipulation of dismissal had not yet been filed. The Court stated that if such a stipulation was not filed within 60 days of the September 20, 2006, order, Plaintiff was ordered to show cause on or before November 27, 2006, in writing, why this case should not be dismissed for failure to prosecute. (Docket Number 21.) On September 28, 2006, Defendants Dane and Rebecca Henderson made a motion for sanctions against Plaintiff because she had not paid Defendants the attorneys fees and costs ordered by the Court on August 24, 2006. (Docket Number 22.) The property was taken off of the market sometime in October, 2006.

On November 6, 2006, this Court heard oral argument on Defendants' motion for sanctions against Plaintiff. (Docket Number 26) Plaintiff appeared personally at the hearing and requested more time to comply with her obligation to sell the property. On November 27, Plaintiff's lawyer wrote to the Court that his client was in the process of re-establishing her real estate listing agreement, or getting another real estate agent to list the property as soon as possible. (Docket Number 29) Defendants filed a memo asking the Court to dismiss the case with prejudice. (Docket Number 30) On November 30, 2006, the parties held a telephone conference with the Court pursuant to the Court's order dated September 20, 2006. (Docket Number 35.) On December 6, 2006, this Court issued an order regarding the November 30, 2006, telephone conference. (Docket Number 37.) In that order, Plaintiff was ordered to place the property on the market by December 11, 2006, at an initial asking price of $269,000.00. (Docket Number 37 at 1.) Plaintiff was ordered

to keep the property on the market at all times. (Docket Number 37.) If the property was not sold by February 1, 2007, Plaintiff was ordered to reduce the asking price of the property by $10,000.00 and was ordered to notify Defendants Dane and Rebecca Henderson in writing immediately when a price reduction was completed. (Docket Number 37 at 1-2.) Plaintiff was ordered to act in good faith and use her best efforts to sell the property. (Docket Number 37 at 2.) In addition, Plaintiff was ordered to make all rental payments to the Hendersons as provided for in the settlement agreement, and was ordered to provide any and all authorizations for her realtor and her attorney to disclose information relating to the property to the Hendersons. (Docket Number 37 at 2.) The December 6, 2006, order stated that if Plaintiff failed to obey the order in any way Plaintiff would immediately relinquish possession of the property and the Hendersons would be entitled to take immediate possession of the property. (Docket Number 36 at 2.) Plaintiff was further notified that any violation of or failure to obey the December 6, 2006, order would result in sanctions, including but not limited to dismissal of the action, monetary sanctions, and an award of attorneys' fees to the opposing party. (Docket Number 37 at 2.) Plaintiff was also ordered to pay the Hendersons $2,590.50 by December 11, 2006, as originally ordered by the Court on August 24, 2006. (Docket Number 37 at 2.) The Court warned Plaintiff that if she did not make this payment by December 11, 2006, the Court would issue an Order on the Henderson's Motion for sanctions, which was taken under advisement on November 6, 2006. (Docket Number 37 at 2-3.)

Plaintiff did not pay Defendant's Dane and Rebecca Henderson $2,590.50 by December 11, 2006. On December 21, 2006, this Court issued an order granting the Hendersons' motion for sanctions against Plaintiff. (Docket Number 38.) Plaintiff was ordered to immediately pay the Defendants $2,590.50 as ordered by the Court on August 24, 2006. The Court also awarded Defendants Dane and Rebecca Henderson the costs and fees associated with bringing the motion for

sanctions against Plaintiff.  (Docket Number 38.)

On January 23, 2007, Defendants Dane and Rebecca Henderson filed the present motion for sanctions against plaintiff [#46].  In connection with the instant motion, Defendants submitted evidence that Plaintiff has not only not made the payment she was repeatedly ordered to make, but also that she has not listed the property with any realtor, that the property has been off the market since October 2006, and that Plaintiff failed to provide disclosure to Defendants regarding her efforts to sell the property following entry of the Court's December 6 order.  (Docket Number 50) Plaintiff did not file any response to Defendants' motion but did appear with her lawyer at the hearing.  Over Defendants' objection, the Court permitted argument from both Plaintiff and her lawyer.  Neither provided any reason why Defendants were not entitled to the relief they seek.

## II.  CONCLUSIONS OF LAW

Plaintiff initiated this lawsuit in September of 2005 seeking declaratory and injunctive relief as well as money damages and an award of attorneys' fees arising out of a refinancing of her home located at 1925 Dupont Avenue.  Three months later Plaintiff agreed to settle the case, signing a settlement agreement on January 3, 2006. [Docket Entry 12] As evidenced by the motion practice that followed, Plaintiff failed to perform the promises she made in the settlement agreement.

On January 23, 2007, Defendants Dane and Rebecca Henderson filed the present motion for sanctions against plaintiff requesting, among other things, that this case be dismissed with prejudice [#46].  As Plaintiff entered into a settlement agreement, and then failed to comply with the terms of that agreement, the Court concludes that this case should be dismissed with prejudice.  Plaintiff's failure in this case is not limited to not fulfilling the promises she made in the settlement agreement. At an earlier hearing to enforce the terms of the settlement (November 6, 2006), Plaintiff appeared and personally asked the Court for additional time to meet her obligation to sell the property.

Thereafter, her lawyer wrote the Court a letter stating that Plaintiff was "in the process of re-establishing her real estate listing agreement and/or getting another real estate agent to list the property as soon as possible."

It now appears from the record before the Court that Plaintiff has done nothing to try and sell the property in question. The Court concludes that Plaintiff's lawsuit should be dismissed, as a sanction for failure to comply with the Court's December 6 order. The Court also recommends that Defendants Dane and Rebecca Henderson be awarded their costs and attorneys fees associated with bringing this motion. Defendants' counsel is ordered to submit an affidavit to the court setting forth the exact amount of attorneys' fees and costs related to this motion, including the costs and fees associated with the appearance of counsel at the hearing.

This Court's December 2006 order expressly provided that "upon any violation of this order, plaintiff will immediately relinquish possession of the property and the Henderson's will be entitled to take immediate possession of the property." It appears that Plaintiff is currently in possession of the property but that the Defendants Dane and Rebecca Henderson are the fee owners of the property. Despite the expansive language of the December order, the Court concludes it would be inappropriate to enter an eviction order on the record before it.

It is clear that Plaintiff has failed to comply with the settlement agreement, and it appears, based upon the record before this Court, that she remains in possession of the property only by the sufferance of the Defendants. Nevertheless, the Court is reluctant to enter an actual eviction order, because eviction may well implicate nuances of Minnesota real property law that have not been briefed or argued by the parties. The Court concludes that dismissal of Plaintiff's claims in this case with prejudice is a sufficient sanction for Plaintiff's failure to comply with the settlement agreement. This Court is confident that the Courts of Minnesota will be able to sort out who is entitled to

possess and who is entitled to sell the property at issue.

### III.  RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1.  That the Motion by defendants Dane and Rebecca Henderson for sanctions against plaintiff [#46] be **GRANTED** in part;

2.  That Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**;

3.  That Defendants' counsel be ordered to submit an affidavit to the Court setting forth exact amount of attorneys' fees and costs related to this motion, including the costs and fees associated with the appearance of counsel at the hearing;

4.  That the Court retain jurisdiction to determine the amount of fees and costs to which Defendants are entitled and to enforce the payment of amounts the Court has ordered and will order to be paid;

5.  In all other respects, the Defendants' motion be DENIED.


DATED: February 12, 2007                s/ *Franklin L. Noel*
                                         FRANKLIN L. NOEL
                                         United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 2, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **March**

**2, 2007,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.