UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

MARIJO WUNDERLICH,                       Civil No. 05-2118 (JRT/FLN)

               Plaintiff,

v.

MIDWEST DEBT ADVISORY           **ORDER ADOPTING REPORT AND**
COUNCIL, LLC; JON P. GERMAIN;            **RECOMMENDATION**
DANE RYAN HENDERSON; and
REBECCA L. HENDERSON,

               Defendants.

---

       Karl A. Oliver, **THE OLIVER GROUP, PLC**, 1935 W. County Road B2, Suite 415, Saint Paul, MN 55113, for plaintiff.

       Laura R. Gurney and C. Todd Koebele, **MURNANE BRANDT**, 30 East Seventh Street, Suite 3200, Saint Paul, MN 55101, for defendants Dane and Rebecca Henderson.

       Plaintiff Marijo Wunderlich ("Wunderlich") initiated this action against defendants in connection with a failed attempt to refinance her mortgage. The parties reached a settlement agreement in January 2006, but Wunderlich violated the terms of the agreement and refused to comply with subsequent court orders. Defendants filed a motion for sanctions against Wunderlich. In a Report and Recommendation dated February 13, 2007, United States Magistrate Judge Franklin L. Noel recommended that the Court grant defendants' motion for sanctions and dismiss this action with prejudice. Wunderlich timely objected to the Report and Recommendation. This Court has conducted a *de novo* review of the objections under 28 U.S.C. § 636(b)(1)(C) and D.

Minn. LR 72.2(b).  For the reasons set forth below, the Court adopts the Report and Recommendation and dismisses this action.

## BACKGROUND

Plaintiff Wunderlich purchased a condominium in Minneapolis in January 1998, securing a loan for the purchase price with a mortgage on the property.  After Wunderlich fell behind in her mortgage payments, the mortgagee initiated foreclosure proceedings on the property.  Wunderlich sought financial advice regarding the foreclosure from defendants Midwest Debt Advisory Council and Jon Germain, who recommended that Wunderlich refinance her mortgage by entering into a contract for deed on the condominium with defendants Dane and Rebecca Henderson (the "Hendersons").  In June 2005, the Hendersons notified Wunderlich that they were canceling the contract for deed.  Wunderlich filed this action against defendants in connection with the contract for deed, alleging among other things that the defendants' conduct violated the Truth in Lending Act and the Home Owner Equity Protection Act.

The parties entered into a settlement agreement in January 2006, requiring Wunderlich to list the condominium for sale, take good faith measures to sell the property within a reasonable time, and make rental payments on the property to the Hendersons.  Wunderlich listed the property for sale in February 2006.  However, she made only one rental payment in approximately four months, and made no adjustments to the list price despite an apparent lack of interest on the market.  As a result, the Hendersons filed a motion to enforce the settlement agreement on July 21, 2006.  The Magistrate Judge granted the motion on August 24, 2006, ordering Wunderlich to decrease the

condominium's sale price by $20,000 and to pay $2950 in attorneys' fees and costs to the Hendersons within ten business days.

Wunderlich failed to provide payment in accordance with the order, and the Hendersons filed a motion for sanctions on September 28, 2006. Around this same time, Wunderlich removed the condominium from the real estate market.

On December 6, 2006, nearly a year after the parties reached the settlement agreement, the Magistrate Judge once again ordered Wunderlich to comply with the terms of the agreement. The Magistrate Judge ordered Wunderlich to list the condominium on the market by December 11, 2006 at an initial asking price of $269,000, to reduce the asking price by $10,000 if it was not sold by February 1, 2007, and to pay the required rent and attorneys' fees to the Hendersons. The order also notified Wunderlich that her failure to abide by the order would result in sanctions, including dismissal of the action and additional attorneys' fees and costs.

Wunderlich again failed to pay attorneys' fees and costs as required by the Magistrate Judge's order. The Magistrate Judge granted the Henderson's motion for sanctions on December 21, 2006, ordering Wunderlich to make immediate payment to the Hendersons and awarding the Hendersons additional costs and fees associated with the motion.

The Hendersons filed this second motion for sanctions and dismissal on January 23, 2007, alleging that Wunderlich had failed yet again to make required payments and that the condominium had not been listed on the market. In accordance with the December 6, 2006 order, the Magistrate Judge granted the Henderson's motion for

sanctions on February 13, 2007, recommending that this Court dismiss Wunderlich's complaint with prejudice.

## ANALYSIS

Under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss an action upon motion of the defendant for "failure of the plaintiff . . . to comply with these rules or any order of court." Dismissal with prejudice is an "extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). "Willful disobedience" does not require a finding of bad faith but merely that the plaintiff "acted intentionally as opposed to accidentally or involuntarily." *Id.* In determining whether to dismiss under Rule 41, courts consider 1) whether less severe sanctions are futile, 2) the prejudice to the defendant and the costs of dismissal to the plaintiff, and 3) whether the litigant has been warned. *Id.*

Wunderlich's objection to the Report and Recommendation rests solely on grounds that she lacks the resources necessary to comply with the terms of the Magistrate Judge's prior orders. While the Court is sympathetic to the hardships faced by Wunderlich, that argument is insufficient to overcome defendants' motion for dismissal under Rule 41(b). Wunderlich has failed repeatedly to comply with the terms of the settlement agreement and with the Magistrate Judge's orders despite the threat and eventual imposition of monetary sanctions, awards of costs and attorneys' fees to the defendants, and specific directives regarding the listing and sale of the condominium. The mere variety of measures employed by the Magistrate Judge to induce Wunderlich's

compliance suggests the futility of sanctions short of dismissal. Moreover, the settlement agreement allows Wunderlich to remain in the condominium only on condition that she comply with the terms of the agreement, including rental payments to the Hendersons and reasonable efforts to list and sell the property. The Court finds that allowing Wunderlich to violate the terms of the settlement agreement with impunity, while she herself benefits from that agreement, prejudices the defendants and outweighs Wunderlich's interest in continuing this litigation. Finally, the Magistrate Judge warned Wunderlich that her failure to comply with court orders would result in dismissal with prejudice. For these reasons, the Court finds that dismissal with prejudice under Rule 41(b) is appropriate in this case.[1]

Defendants request that the Court provide the legal description of the property in question so that the Court's Order may be filed on the certificate of title. The legal description of the property is as follows:

> Residential Unit 10, Parking Stall No. G-14, Condominium No. 335, Kenwood Estates Condominium, located in Hennepin County, Minnesota, according to the recorded plat thereof on file and of record in the office of the Registrar of Titles, Hennepin County, Minnesota.

The Court recognizes the severity of the sanctions imposed in this case. But Wunderlich has ignored her responsibilities under the settlement agreement for far too long, and she now faces the consequences of that action. Defendants' motion is therefore granted.

---

[1] Defendants' motion also seeks an order of eviction from this Court. The Court agrees with the Magistrate Judge that while the Hendersons appear to be the fee owners of the property in question, an order of eviction from this Court would be improper under the circumstances. Rather, the parties should seek further clarification regarding their respective rights to the property in the appropriate Minnesota court.

**ORDER**

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 56] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated February 13, 2007 [Docket No. 53]. **IT IS HEREBY ORDERED** that the motion of defendants Dane and Rebecca Henderson for sanctions [Docket No. 46] is **GRANTED in part** and **DENIED in part**, as follows:

1. Defendants' request for dismissal of this action is **GRANTED**.

2. Defendants' request for attorney's fees incurred in bringing this motion for sanctions is **GRANTED**.

3. Defendants' motion is **DENIED** in all other respects.

4. Defendants Dane and Rebecca Henderson shall submit an affidavit within thirty (30) days setting forth the amount of attorneys' fees and costs associated with bringing this motion for sanctions. The Court shall retain jurisdiction to determine the amount of fees to which defendants are entitled and to enforce payment of fees ordered.

5. Plaintiff's complaint is **DISMISSED with prejudice** pursuant to Rule 41(b).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 27, 2007                    s/ John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                            United States District Judge